[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated December 16, 1998, the plaintiff wife, Norma A. Morris, commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant husband, Ian G. Morris, appeared through counsel and filed an answer and cross-complaint December 28, 1998. Both parties appeared with counsel on April 11, 2000 and presented testimony and documentary evidence. The plaintiff proceeded on her complaint. The court, after hearing the testimony and reviewing the exhibits, makes the following findings of fact. CT Page 10007
The plaintiff wife (whose maiden name was Norma Breedy) married the defendant husband on June 30, 1970 in Brooklyn, New York. She has resided continuously in the state of Connecticut for one year next preceding the date of the filing of this complaint. All statutory stays have expired. The parties have one minor child born to the plaintiff since the date of the marriage: Michele Angela Morris born September 11, 1983. No other minor child or children have been born to the plaintiff since the date of the marriage. The court further finds that no state or municipal agency has or is contributing to the support of the parties or their child.
The plaintiff is forty-seven years of age and in good physical health. As of the date of the trial the plaintiff was employed full time as an administrative assistant with the Aetna and was earning a gross weekly wage of $544.00. She completed high school but has had no further education. Previous to her present position, which is temporary, the plaintiff was employed at Aetna for a substantial number of years but was laid off in 1996. Her new position started in October of 1998. She has health insurance as part of her benefit package. She is looking for permanent employment with similar pay and benefits. When she was terminated by Aetna in 1996 she was earning approximately $32,000.00 a year. When she was terminated she received one year severance pay.
The defendant is forty-seven years of age and in good health. He is presently employed at the Dexter Corporation as a packer and earns a gross weekly wage of $770.00. He has an eleventh grade education. He has been employed at Dexter for over twenty years and shifted to his current position which he finds to be less demanding as he gets older. His previously acknowledged income was over $50,000.00 a year based upon a considerable amount of overtime. However, he claims that his income has been reduced to approximately $40,000.00 a year including overtime. His base salary is $27,000.00 a year.
The court finds that the plaintiff's present earning capacity is $544.00 per week and that of the defendant is $800.00 per week.
The parties were in agreement as to the custody and visitation of the minor child.
As to fault for the breakdown of the marriage the plaintiff claimed that the defendant was having extra-marital affairs. The defendant claimed the plaintiff was involved in voodoo, sadism and the use of potions. The court finds that both parties were equally to blame for the breakdown of the marriage.
The court has considered all of the statutory factors concerning custody and visitation set out in Connecticut General Statutes §§ CT Page 1000846b-56, 46b-56a and 46b-59. The court has further considered all of the factors in Connecticut General Statutes §§ 46b-81, 46b-82, 46b-89 and46b-62 and other pertinent statutes, earning and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial awards set forth below. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. Custody and Parenting Time: The parties shall have joint legal custody of the minor child, Michelle Angela Morris, born September 11, 1983. The child's primary residence shall be with the plaintiff and the defendant shall have rights of reasonable and flexible visitation upon reasonable notice.
2. Child Support: The defendant shall pay to the plaintiff the sum of $118.00 per week as child support. The amount is in accordance with the Child Support Guidelines effective August 1, 1999. Payment shall be made by automatic wage withholding.
3. Medical Insurance Re: Minor Child: The defendant shall provide medical and dental insurance as available through his place of employment at reasonable cost for the benefit of the minor child. Further, the plaintiff shall pay the first $100.00 per annum of all unreimbursed medical and dental expenses of the minor child and the excess, if any, shall be paid 45% by the plaintiff and 55% by the defendant. The parties are to comply with the provisions of Section 46b-84 of the Connecticut General Statutes.
4. Tax Exemption: The defendant shall be entitled to claim the minor child as an exemption on his federal, state and local income tax returns including, if applicable, the calendar year the minor child graduates from high school or attains the age of 19, whichever is earlier. The plaintiff shall execute any forms necessary to enable the defendant to claim the minor child for the years he is entitled.
5. Alimony: The defendant shall pay to the plaintiff the sum of $100.00 per week as periodic alimony. For income tax purposes the alimony shall be incluable in the plaintiff's income and deductible by the defendant. This order shall be for a period of ten years and shall be non-modifiable as to term only. The alimony shall sooner terminate upon the death of either party, the plaintiff's remarriage or her co-habitation with an unrelated male.
6. Real Property: The defendant shall quit-claim to the plaintiff all of his right, title and interest in the marital residence known as 131 Country Club Drive, Windsor, Connecticut. The plaintiff shall assume and CT Page 10009 pay all of the encumbrances existing on the property and indemnify and hold the defendant harmless therefrom.
7. Automobiles: The plaintiff shall retain ownership of the 1995 Jeep Grand Cherokee and the defendant shall retain ownership of the 1997 Acura 2.2 CL and assume and pay the loan balance thereon.
8. Bank Accounts: Each of the parties shall retain their own bank accounts.
9. Incentive Savings Plan (401K): The plaintiff shall retain her Incentive Savings Plan 401K.
10. Espirit Retirement Plan: The defendant shall transfer to the defendant by way of a Qualified Domestic Relations Order the sum of $50,600.00 of his Espirit Retirement Plan. The court retains jurisdiction. The balance of the Plan shall be retained by the defendant.
11. Life Insurance: The defendant shall retain the cash surrender value of his present life insurance policies. The defendant shall name the minor child as the irrevocable beneficiary of his policies as long has he has a child support obligation.
12. Debts and Liabilities: Each of the parties shall be responsible for payment of all debts and liabilities as listed on their respective Financial Affidavits and hold the other party harmless.
13. Contempt and Arrearage: On January 20, 199 the court (Gruendel, J.) ordered the defendant to pay the mortgage and household bills. As of the date of trial the defendant was in arrears in the payments by $13,513.84. He is ordered to pay the arrearage at the rate of $50.00 per week by automatic wage withholding.
14. Household Furniture and Furnishings: The parties shall divide their household furniture and furnishings equally.
15. Effective Date: All orders are effective as of April 11, 2000.
John R. Caruso, Judge